IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. SCANLIN, | : | 4:05-CV-02458 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| TD WATERHOUSE INC., | : | |
| broker, including all its agents, | : | |
| subsidiaries and affiliates, and | : | |
| NATIONAL INVESTOR SERVICES | : | |
| CORP., and all its affiliates, | : | |
| | : | |
| Defendants. | | |

**O R D E R**

June 19, 2006

Plaintiff John J. Scanlin filed his pro se complaint in this case on November 25, 2005. Scanlin charges the defendants[1] with "fraud by deception in wire and U.S. mail communication"; "unlawful conversion of funds"; "manipulation of interstate phone service to alter a seurities [sic] purchase"; "breach of brokerage contract"; and "employing a clever telephone switching methodology to effect the flim-flam." (Complaint, Rec. Doc. No. 1, at ¶ 1.)

---

[1] On April 24, 2006, defendant TD Waterhouse and Ameritrade became TD Ameritrade. See TD Waterhouse homepage, http://www.tdwaterhouse.com (last visited June 13, 2006). Defendant National Investor Services Corp. ("NISC") is a subsidiary of TD Ameritrade Holding Corporation. See TD Ameritrade Holding Corporation homepage, http://www.amtd.com (last visited June 13, 2006).

No appearance has been entered on behalf of either defendant. On March 27, 2006, we entered a rule to show cause why the complaint should not be dismissed without prejudice for failure to effect service. (Rec. Doc. No. 3.) On April 10, 2006, Scanlin filed a copy of a letter he wrote to the United States Postmaster General, and largely indecipherable copies of certified mail receipts. (Rec. Doc. No. 4.) In an order dated April 25, 2006, we again directed Scanlin to serve the summons and complaint upon the defendants. (Rec. Doc. No. 5.)

On May 12, 2006, Scanlin filed a copy of certified mail receipts signed by someone at the place of business of defendants TD Waterhouse and National Investors Services Corp. ("NISC"). (Rec. Doc. No. 6.) The signatures on the postal receipts are illegible, and there is no other information identifying the signatory.

Because no appearance has been entered on behalf of any defendant, Scanlin filed a "Motion for Summary Judgment By Default," asking that the court issue a default judgment against "each defendant in the amount of $20,000.00 damages plus punitive damages as applicable law allows." (Rec. Doc. No. 7.)

We recognize that Scanlin has made a good faith effort to serve these out-of-state defendants with two attempts via certified mail, return receipt requested. However, it is not clear to the court that any signatory of the certified mail receipts

was an appropriate representative of the defendants.

"It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment." Lampe v. Xouth, Inc., 952 F.2d 697, 700 (3d Cir. 1991) (citation omitted). "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case." Id. at 700-01 (citations omitted). "Indeed, if the defendant was not properly made a party to the action by effective service, he would not be bound by any judgment rendered." Id. at 701 (citing Hansberry v. Lee, 311 U.S. 32, 40 (1940)).

"A federal district court acquires personal jurisdiction over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure." Id. Rule 4(h) governs service upon corporations, and directs that "service upon a domestic . . . corporation . . . shall be effected in a judicial district of the United States in the manner prescribed for individuals by [Rule 4] (e)(1)." Fed. R. Civ. P. 4(h)(1). In turn, Rule 4(e)(1) provides that service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1).

The laws of three states are therefore implicated. If Scanlin properly served

defendant TD Waterhouse under the laws of either Pennsylvania or New York, service was valid.  Likewise, if Scanlin served defendant NISC pursuant to the laws of either Pennsylvania or New Jersey, service would be valid as to that defendant.

We first examine the laws of New York and New Jersey.  Service upon TD Waterhouse was not proper under New York law, which requires service by mail to be accompanied by "two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in [New York Rule of Civil Procedure 312(d)], with a return envelope, postage prepaid, addressed to the sender."  N.Y. C.P.L.R. § 312(a).  There is no indication that Scanlin included the form set forth in Rule 312(d), as required by New York law.

Likewise, service upon NISC was improper under New Jersey law, which only allows service by mail "[i]f it appears by affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service cannot be made in accordance with [New Jersey Court Rule 4:4-4]."  N.J. Court R. 4:4-4(b)(1).[2]  Scanlin has provided no such affidavit.

We now consider Pennsylvania law.  The Pennsylvania Rules of Civil Procedure authorize service outside the Commonwealth "by mail in the manner

---

[2] New Jersey Court Rules are available at http://www.judiciary.state.nj.us/rules/r4-4.htm.

provided by Rule 403." Pa. R. Civ. P. 404(2). Rule 403 provides: "If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant <u>or his authorized agent</u>. Service is complete upon delivery of the mail." Pa. R. Civ. P. 403 (emphasis added).

     The signatures on the postal receipts are illegible, and there is no other information on the receipts which would make it possible for us to determine if the signatory was an "authorized agent" of either defendant, as required by Pennsylvania law. Where the plaintiff has not offered proof that the signatures belong to an "authorized agent" of the defendant, and where there is no way to discern the identity of the signer, a mailing does not constitute effective service under Pennsylvania law. <u>See</u> <u>Lampe</u>, 952 F.2d at 701 (where defendant did not sign certified mail receipt and where plaintiff offered no proof that the signature belonged to an authorized agent of defendant, no effective service under Pennsylvania law).

     Neither defendant has been properly served according to any applicable state law. As Federal Rule of Civil Procedure 4(c) makes clear, the "plaintiff is responsible for service of a summons and complaint" upon the defendants. As the United States Court of Appeals for the Third Circuit has adopted a policy

disfavoring default judgments and encouraging decisions on the merits, see <u>Harad v. Aetna Cas. & Sur. Co.</u>, 839 F.2d 979, 982 (3d Cir. 1988), we will once again order service.

A plaintiff generally has 120 days to serve the summons and complaint upon a defendant after the filing of the complaint. Fed. R. Civ. P. 4(m). More than 200 days have elapsed since Scanlin filed his complaint in this case. However, because the plaintiff is <u>pro se</u> and because he appears to have made a good faith effort to serve the defendants, we will extend the time for service. We will therefore provide twenty days from the date of this order for plaintiff to serve the complaint and summons on the defendants or their authorized agent and provide proof of service to the court.

For the benefit of the plaintiff, we note that according to the New York Department of State website,[3] the registered agent of each defendant in the state of New York is:

>    Corporation Service Company
>    80 State Street
>    Albany, New York 12207-2543

---

[3] An individual may search the Corporation and Business Entity Database of the New York State Department of State at http://appsext5.dos.state.ny.us/corp_public/corpsearch.entity_search_entry.

In addition to serving the authorized registered agent of each defendant, the plaintiff may consider attempting service by mail to the addresses he first used, and addressing the service to the attention of the legal department or an officer or director of the defendant corporations.

The motion for default judgment will be denied without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff is directed to serve the summons and complaint upon defendants in accordance with the law by July 5, 2006.

2. Plaintiff is directed to provide proof of service to the court on or before July 5, 2006.

3. Failure to comply with paragraphs one and two of this order may result in an immediate dismissal of the complaint, without prejudice, in accordance with Fed. R. Civ. P. 4(m).

4. Plaintiff's Motion For Summary Judgment By Default is denied without prejudice.  (Rec. Doc. No. 7.)

           s/ James F. McClure, Jr.
          James F. McClure, Jr.
          United States District Judge