IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. SCANLIN, | : | 4:05-CV-02458 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| TD WATERHOUSE INC., | : | |
| broker, including all its agents, | : | |
| subsidiaries and affiliates, and | : | |
| NATIONAL INVESTOR SERVICES | : | |
| CORP., and all its affiliates, | : | |
| | : | |
| Defendants. | | |

**O R D E R**

November 30, 2006

Before the court is Defendants TD AMERITRADE, Inc. ("Waterhouse")[1]

and National Investor Services Corp's ("NISC") Motion to Dismiss the Complaint,

or in the Alternative Compel Arbitration.  Because we agree with defendants that

plaintiff lacks standing to bring this action, we will grant their motion to dismiss.

---

[1] Defendants have indicated that plaintiff incorrectly named TD Waterhouse Investor Services, Inc. as T.D. Waterhouse, Inc., and that after a recent merger the proper defendant is TD AMERITRADE, Inc.  (Rec. Doc. No. 17).

**BACKGROUND:**

On November 25, 2005, Thao Zymphat (formerly known as John Joseph Scanlin)[2] filed his pro se complaint against Waterhouse and NISC, naming only himself as the plaintiff.  (Complaint, Rec. Doc. No. 1).  Plaintiff alleges he has suffered injuries resulting from a transaction between defendant Waterhouse and a non-profit corporation called Love Across Borders, Inc. ("Love Across Borders"), of which he is allegedly the founder and sole "funder."  Id.  Plaintiff charges the defendants with "fraud by deception in wire and U.S. mail communication"; "unlawful conversion of funds"; "manipulation of interstate phone service to alter a seurities [sic] purchase"; "breach of brokerage contract"; and "employing a clever telephone switching methodology to effect the flim-flam."  Id. at ¶ 1.

After several failed attempts to effectuate service of process, plaintiff filed two affidavits on June 29, 2006, indicating successful service on both defendants.  On August 30, 2006, plaintiff filed a "Motion for Summary Judgment by Default" because of defendants' failure to respond within twenty days of service, as required by Rule 12 of Federal Rules of Civil Procedure.  (Rec. Doc. No. 16).   Within a week after plaintiff's filing, defendants filed a "Motion for Extension of Time for

---

[2] According to an order from the Tioga County Court of Common Pleas, John Joseph Scanlin has legally changed his name to Thao Zymphat.  (Tioga Order, Rec. Doc. No. 22).  Therefore we will refer to him by his current name.

Enlargement to Respond to the Complaint and Dismissal of Plaintiff's Pending Motion for Summary Judgment by Default." (Rec. Doc. No. 17). On October 2, 2006, recognizing that the Third Circuit maintains a strong policy preferring cases be decided on their merits and that defendants' delay in answering plaintiff's complaint was inadvertent, we granted defendants' motion, thereby dismissing plaintiff's motion for summary judgment by default. (October 2nd Order, Rec. Doc. No. 21). We ordered defendants to plead or otherwise respond to plaintiff's claims within twenty days of our order.

Pursuant to our October 2nd Order, Defendants now bring forth this instant motion to dismiss. Defendants argue the plaintiff lacks standing to bring this suit because the transaction in question was between Love Across Borders and the defendantWaterhouse, not with the plaintiff. In the alternative, defendants argue that we should stay this action and compel arbitration because the agreement facilitating the transaction at issue specifically requires arbitration. Plaintiff has not filed a response to this motion. Instead, he has filed yet another motion for summary judgment by default, alleging he has "received no response from either defendant." (Rec. Doc. No. 25).

**DISCUSSION:**

*1. Standard*

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[3] the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

"When deciding a motion to dismiss, it is the usual practice for a court to

---

[3]      Defendants did not specify whether they were moving under Rule 12(b)(1) for lack of jurisdiction, or under rule 12(b)(6) for failure to state a claim. We will consider the motion under a 12(b)(6) standard.

4

consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." City of Pittsburgh v. West Penn Power Comp., 147 F.3d 256, 259 (3d Cir. 1998) (citation omitted).

    2.    *Standing*

The principle of standing involves both constitutional and prudential limitations.  See Warth v. Sedin, 422 U.S. 490, 498 (1975).  The constitutional limitations derive from Article III of the Constitution, which limits the jurisdiction of the federal courts to deciding "actual cases and controversies."  See U.S. Const. Art. III.  To meet the Article III standing requirements, a plaintiff himself must have "suffered some 'threatened or actual injury resulting from the putatively illegal action.'" Warth, 422 U.S. at 499 (internal citations omitted).

In addition to this constitutional limitation, courts have also imposed prudential limitations.  These limitations include the requirement that a plaintiff assert only his own legal rights and interests.  Id.  Specifically, the Supreme Court has acknowledged that a plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties." Id.

In facilitating this general prudential requirement, courts have created the "derivative injury rule."  This rule "holds that a shareholder (even a shareholder in a closely-held corporation) may not sue for personal injuries that result directly

5

from injuries to the corporation." In re Kaplin, 143 F.3d 807, 811-12 (3d Cir.

1998).  The rule is premised on recognizing the separate legal existence of a

corporation from its shareholders.  Id. at 812.  Therefore, a shareholder cannot

pierce the corporate veil to sue for the losses sustained by his company simply

because he is the sole shareholder.  KBT Corp. v. Ceridian Corp., 966 F. Supp.

369, 373 (E.D. Pa. 1997).  Rather, a shareholder must plead injuries that were

inflicted on him individually rather than on the corporation in order to avoid the

derivative injury rule.  In re Kaplan, 143 F.3d at 812.

We agree with defendants that the derivative injury rule bars plaintiff

Zymphat from suing for injuries sustained by Love Across Borders.  Exhibit 1 to

plaintiff's complaint clearly shows that the transaction at issue is between the

defendants and Love Across Borders, not plaintiff.  Although plaintiff may have

placed the transaction himself, exhibit 1 shows he did so on behalf of Love Across

Borders and not for himself.  There are no indications from the face of the

complaint or the accompanying attachments that plaintiff has suffered injuries

personally.  Rather, any injury he has suffered has been derivatively through his

status as the sole shareholder of Love Across Borders.  The derivative injury rule

bars plaintiff from seeking relief for such injury based merely on his sole

shareholder status.  To hold otherwise would fail to recognize the legitimate

separate legal existence of Love Across Borders.

We note that plaintiff failed to respond to defendants' motion to dismiss. Instead, plaintiff filed a summary judgment motion for default, alleging that he had not received a response from defendants within twenty days of our October 2nd order. Defendants' motion, however, includes a certificate of service certifying that defendants served their motion on plaintiff at the address he has provided in his filings. We find this to be sufficient to establish that plaintiff was properly served and given due notice of defendants' motion. Because we grant defendants' motion to dismiss, we consider plaintiff's motion for summary judgment by default moot. For the same reasons, we will not consider the merits of defendants' claim that this matter is subject to arbitration.

Finally, if plaintiff considers refiling this action on behalf of Love Across Borders, we suggest that before doing so the plaintiff first call defense counsel to see if this matter can be resolved amicably without judicial intervention. The filings suggest that a simple phone call may resolve all the issues in this matter. In fact, defense counsel has filed a letter recently sent to plaintiff whereby counsel offers to speak with plaintiff over the phone. (Letter, Rec. Doc. No. 26). Although plaintiff suggests he does not have a home phone, he could always use a public phone. While we are not specifically ordering plaintiff to call defense counsel, it

may be in his interest to do so.


**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Defendants TD AMERITRADE, Inc. (incorrectly sued herein TD

        Waterhouse, Inc.) and National Investor Services Corp.'s Motion to Dismiss

        the Complaint is granted.

2.      Plaintiff's complaint is dismissed without prejudice for lack of standing.

3.      Plaintiff's Motion for Summary Judgment By Default is deemed moot.

4.      The clerk is directed to close the case file.


                                          s/ James F. McClure, Jr.
                                        James F. McClure, Jr.
                                        United States District Judge